## APPEALS OF ELIZABETH W. STRANAHAN AND FRANK D. STRANAHAN.

Docket Nos. 75, 76. Decided September 28, 1926.

1. Dividends paid in 1917 are taxable at 1917 rates to the extent of 1917 earnings available for distribution at the time of the declaration of the dividend. *Edwards* v. *Douglas*, 269 U. S. 204; 46 Sup. Ct. 85; 5 Am. Fed. Tax Rep. 5666.

2. Commissioner's finding by pro rata method that one-sixth of 1917 earnings was available for distribution on March 1, 1917, approved. *Douglas* v. *Edwards*, 287 Fed. 919; 2 Am. Fed. Tax Rep. 1890.

*Harry J. Gerrity, Esq.,* and *Thomas O. Marlar, Esq.,* for the petitioners.

*Robert A. Littleton, Esq.,* for the Commissioner.

These appeals involve deficiencies in income taxes for the calendar year 1917, as follows:

| | |
|---|---|
| Elizabeth W. Stranahan | $6, 618. 12 |
| Frank D. Stranahan | 14, 337. 69 |

The Commissioner filed a plea in each case questioning the jurisdiction of the Board to hear and determine the appeals. When the appeals came on for hearing the Commissioner filed an answer to the appeals, thereby raising an issue as to the rate at which dividends received in 1917 are taxable. A written stipulation of facts was filed at the hearing.

### FINDINGS OF FACT.

On or about March 1, 1917, the Champion Spark Plug Co., a corporation, declared a dividend of $300,000, payable partly in cash and partly in stocks and bonds owned by the company. The resolution declaring the dividend provided as follows:

900 Upton Avenue
Toledo, Ohio
March 1, 1917
Ten A. M.

A meeting of the Board of Directors was held at the time and place above specified, upon call of the President, there being present Robert A. Stranahan and Frank D. Stranahan.

Upon motion, duly adopted, the President and Treasurer were authorized and ordered to make distribution to the stockholders of this company, as per list thereof presented at this meeting, of certain stocks and bonds held by the company or for the company account, and, for the purpose of equalizing the value thereof among said stockholders, there was ordered paid to the stockholders of the company, from the surplus funds of the company, the following cash payments.

| | |
|---|---|
| To E. W. Stranahan | $16, 302. 66 |
| To Frank D. Stranahan | 33, 007. 71 |
| To Robert A. Stranahan | 33, 007. 72 |

The meeting thereupon adjourned.

(Signed)     FRANK D. STRANAHAN.

At the time the foregoing dividend was declared the Champion Spark Plug Co. was a close corporation, the stockholders being Elizabeth W. Stranahan and her two sons, Frank D. Stranahan and

Robert A. Stranahan, each of whom owned one-third of the stock of said corporation.

When the dividend was declared on March 1, 1917, the books of the Champion Spark Plug Co. had not been closed or balanced since January 1, and the earnings of the corporation for the months of January and February were unascertained. As of January 1, 1917, the surplus of the Champion Spark Plug Co., representing earnings for 1916 and prior years, amounted to $1,611,759.78. The distribution of cash to the three stockholders in the amount specified by the resolution set out above was for the purpose of equalizing the total dividend of $300,000 so that each of the three stockholders of the company would be entitled to $100,000, part cash and part securities.

The list of stocks and bonds referred to in the dividend resolution showing the date of purchase and the cost thereof, is as follows:

| | Date purchased. | Amount. | Total. |
|---|---|---|---|
| Bonds: | | | |
| Armour & Co | Oct. 18, 1915 | $9,383.75 | |
| | Nov. 12, 1915 | 9,463.75 | $18,847.50 |
| American Tel. & Tel. Co | Nov. 6, 1915 | 9,151.39 | |
| | Nov. 13, 1915 | 9,184.17 | 18,335.56 |
| New York Central Ry. Co | Nov. 12, 1915 | | 11,042.08 |
| Swift & Company | June 2, 1916 | | 10,229.17 |
| Stocks: | | | |
| Fisk Tire & Rubber Co | June 12, 1916 | | 83,498.51 |
| Owens Bottle & Machine Co | July 24, 1916 | 25,000.00 | |
| | Nov. 13, 1916 | 25,000.00 | |
| | Nov. 17, 1916 | 25,729.09 | 75,729.09 |
| Total stocks and bonds | | | 217,681.91 |

The petitioner, Elizabeth W. Stranahan, received as her pro rata share of the $300,000 dividend, the following cash and securities:

| | |
|---|---|
| Cash | $16,302.66 |
| Bonds: | |
| Armour & Co | 18,847.50 |
| American Telephone & Telegraph Co | 18,335.56 |
| New York Central Railway Co | 11,042.08 |
| Swift & Co | 10,229.17 |
| Stock: | |
| Owens Bottle & Machine Co | 25,243.03 |
| Total | 100,000.00 |

The petitioner, Frank D. Stranahan, received as his pro rata share of the $300,000 dividend, the following cash and securities:

| | |
|---|---|
| Cash | $33,007.71 |
| Stocks: | |
| Fisk Tire & Rubber Co | 41,749.26 |
| Owens Bottle & Machine Co | 25,243.03 |
| Total | 100,000.00 |

The Commissioner originally held that the net earnings of the Champion Spark Plug Co. for the calendar year 1917, available for dividend purposes after the books had been closed, amounted to $1,374,730.13, and that there was available for the payment of the dividend declared on March 1, 1917, one-sixth of the said amount, or $229,121.69, and the petitioners were each taxed at 1917 rates on $76,-373.89 and at 1916 rates on $23,626.11, these sums aggregating the $100,000 dividend received by each of them, as though the dividend payments were actually made wholly in cash.

The return of Elizabeth W. Stranahan for the calendar year 1917 was audited in the Commissioner's office and in March, 1923, a jeopardy assessment of additional taxes in the amount of $6,618.12 was made, without giving the petitioner the benefit of the thirty-day appeal provision of section 250(d) of the Revenue Act of 1921. No hearing was granted the petitioner prior to the making of this assessment and accordingly, with the consent of the Commissioner, a claim for abatement was filed on or about March 24, 1923. This claim for abatement related solely to the additional tax on account of the dividend received by the petitioner from the Champion Spark Plug Co. on or about March 1, 1917, and the claim was formally rejected by the Commissioner on August 5, 1924.

The return of Frank D. Stranahan for the calendar year 1917 was audited in the Commissioner's office and in January, 1921, an assessment of additional tax in the amount of $14,337.69 was made. This petitioner filed a claim in abatement against the assessment in the amount of $12,683.14, covering that portion of the additional tax relating to the dividend received by him from the Champion Spark Plug Co. on or about March 1, 1917. The claim for abatement was rejected by the Commissioner in a letter dated April 13, 1923, which rejection was sustained by a further letter from the Commissioner to the petitioner dated August 5, 1924, affirming his former decision.

The Commissioner now admits that the net earnings of the Champion Spark Plug Co. for the calendar year 1917, available for dividend purposes after the books had been closed, amounted to $932,-355.54; that there was available for the payment of the dividend declared on March 1, 1917, one-sixth of that amount, or $155,392.59; that the petitioners are each taxable at 1917 rates on $51,797.53 and at 1916 rates on $48,202.47, these sums aggregating the $100,000 dividend received by each, as though the dividend payments to them were actually made wholly in cash.

OPINION.

ARUNDELL: If there was any doubt at the time of filing these appeals as to our jurisdiction to hear and determine them, it has been

removed by section 283 (f) of the Revenue Act of 1926, which provides in part:

If any deficiency in any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, was assessed before June 3, 1924, but was not paid in full before that date, and if the Commissioner after June 2, 1924, but before the enactment of this Act finally determined the amount of the deficiency, and if the person liable for such tax appealed before the enactment of this Act to the Board and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal.

In the case of Elizabeth W. Stranahan the Commissioner made no final determination until August 5, 1924, when he notified the petitioner of the rejection of her abatement claim. In the case of Frank D. Stranahan, while the Commissioner notified him by letter of April 13, 1923, of the rejection of the abatement claim, the case was apparently kept under consideration until August 5, 1924, when the petitioner was notified that the rejection of his claim was sustained. The letter of August 5, 1924, in our opinion, was the notice of *final determination* by the Commissioner. *Appeal of J. S. Hoskins Lumber Co.*, 3 B. T. A. 846. We accordingly hold that we have jurisdiction in both cases and the plea of the Commissioner asking that the petitions be dismissed is denied.

We now come to the merits of the cases. There is no question raised as to the taxability of the full amount of the dividends of $100,000 in each case  The question is what portion of the dividends is subject to tax at 1917 rates. The petitioners contend that that portion of the dividends which is represented by securities purchased by the corporation in 1915 and 1916 should be taxed at the rates for those years. The Commissioner seeks to tax at the 1917 rates that portion of the amount of dividends represented by a pro rata portion of the 1917 earnings of the corporation and allowing the balance to be returned as taxable at 1916 rates.

The dispute between the parties arises under section 31 (b) of the Revenue Act of 1916, which was added by the Revenue Act of 1917, the pertinent portions of which read:

(b) Any distribution made to the shareholders or members of a corporation, * * * in the year nineteen hundred and seventeen, * * * shall be deemed to have been made from the most recently accumulated undivided profits or surplus, and shall constitute a part of the annual income of the distributee for the year in which received, and shall be taxed to the distributee at the rates prescribed by law for the years in which such profits or surplus were accumulated by the corporation.

The petitioners rely principally upon that portion of section 31 (b) which provides for a tax upon distributions "at the rates prescribed

by law for the years in which such profits or surplus were accumulated by the corporation." They contend that this portion of the section reflects the paramount intent of Congress in enacting section 31 (b). The answer to this contention is found in the decision in the case of *Edwards* v. *Douglas*, 269 U. S. 204; 46 Sup. Ct. 85; 5 Am. Fed. Tax Rep. 5666, where it is said in part:

> While the 1917 Act was under consideration, it was recognized that this rapid increase in the income tax rate might result in unjust discrimination if no change were made in the then exisiting rule governing the taxation of dividends. * * * The stockholders in those corporations which had deferred the distribution of profits earned prior to 1917, either generally from prudence or specifically with a view to stabilizing over a long period the rate of dividend, would be at a great disadvantage as compared with the stockholders in those corporations which had pursued the practice of distributing each year substantially all profits earned. On the other hand, if corporations were left free to determine out of what year's profits dividends paid in 1917 and subsequent years should be deemed to have been made, a corporation with a surplus derived from earnings made prior to 1917 could, while accumulating the profits of the war years, pay dividends on which its stockholders would escape the heavy war tax, by simply declaring that the dividends were payable out of the earnings of earlier years. And if there were still on hand such sufficient surplus earnings from the period prior to March 1, 1913, the dividends would be exempt from all tax. It was apparently to obviate such inequalities that Congress provided by sec. 31 (b) for an objective consideration of the date when the corporation earned the profits, as well as the date when the taxpayer received his share of them in the form of the dividend.

From the decision in that case and the decision of the District Court thereby affirmed (*Douglas* v. *Edwards*, 287 Fed. 919; 2 Am. Fed. Tax Rep. 1890), the conclusion is inevitable that section 31 (b) was intended to tax at 1917 rates distributions made in that year up to the full amount of the current earnings, and only after the current earnings were exhausted could any distributions made in 1917 be returned as taxable at rates applicable to earlier years.

The petitioners also contend that the presumption created by that part of section 31 (b) which prescribes that distributions " shall be deemed to have been made from the most recently accumulated undivided profits or surplus," is disputable rather than conclusive. This contention, it seems to us, is disposed of by what we have said above, but if anything further need be said it can be found in the case of *Douglas* v. *Edwards*, in both the decisions of the District Court (287 Fed. 919) and the Circuit Court of Appeals (298 Fed. 229). In the latter decision, after defining the word " deemed," it is said:

> We think it was the purpose of the statute that any distribution made to shareholders should be conclusively presumed to have been made from the most recently accumulated undivided profits or surplus.

While the decision of the Circuit Court of Appeals was reversed, the question of the presumption created by the word " deemed " was not raised in the Supreme Court, 269 U. S. 204, foot-note at page 207.

The petitioners object to the pro rata method used by the Commissioner in determining the amount of the year's profits of the corporation for the months of January and February, 1917. By this method the Commissioner found that one-sixth of the year's earnings was available for the payment of the dividends declared on March 1, 1917. This proposition is disposed of by *Douglas* v. *Edwards*, 287 Fed. 919, where it said, at page 926:

There is nothing to indicate that a pro rata apportionment thereof [of the net earnings] is not in accordance with the facts.

As set forth in the last paragraph of our findings of fact, the Commissioner concedes that the amount of corporate earnings for 1917, the amount of the earnings available at March 1, 1917, and the amount taxable to each petitioner at 1917 rates, are lower than the amounts used in his determination of the deficiencies. In accordance with this concession of the Commissioner, the deficiency in each case should be recomputed on the basis of $51,797.53 being taxable at 1917 rates. The balance of the dividend in each case, $48,202.47, the Commissioner holds to be taxable at 1916 rates. No evidence was offered to show that this amount was not a part of 1916 surplus and the Commissioner's allocation of this part of the dividend to that year must accordingly be approved.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*